IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATYA REED,<br><br>on behalf of herself and all others similarly situated,<br><br>   Plaintiff,[1]<br><br>vs.<br><br>AINS, LLC d/b/a OPEXUS a/k/a CASEPOINT, a District of Columbia Limited Liability Company<br>1101 17th St NW #1200<br>Washington, DC 20036<br><br>   Defendant. | **Case No. 1:26cv202-RDM** |
| NICOLE CRAYTON,<br>643 S. Wickham Road<br>Baltimore, MD 21229<br><br>on behalf of herself and all others similarly situated,<br><br>   Plaintiff,<br><br>vs.<br><br>AINS, LLC d/b/a OPEXUS a/k/a CASEPOINT, a District of Columbia Limited Liability Company<br>1101 17th St NW #1200<br>Washington, DC 20036<br><br>   Defendant. | **Case No. 1:26cv292-TSC** |

---

[1] See NOT. SEAL PL.'S RES. ADDRESS (*Reed*, Dkt. 2).

## PLAINTIFFS' MOTION TO CONSOLIDATE

Plaintiffs Nicole Crayton and Katya Reed ("Plaintiffs"), on behalf of themselves and all others similarly situated, hereby submit Plaintiffs' Unopposed Motion to Consolidate *Crayton v. AINS, LLC*, No. 1:26-cv-292 (D.D.C.) into *Reed v. AINS, LLC*, No. 1:26-cv-202 (D.D.C.), and Appoint Interim Co-Lead Class Counsel (the "Motion").

First, Plaintiffs respectfully move the Court to consolidate *Reed v. AINS LLC*, No. 1:26-cv-202 (D.D.C.) and *Crayton v. AINS, LLC*, No. 1:26-cv-292 (D.D.C.) (the "Related Actions"), including any subsequently filed or transferred related actions, for all purposes pursuant to Federal Rule of Civil Procedure 42(a) and Local Civil Rule 40.5.

Second, Plaintiffs respectfully move the Court to appoint Nicholas A. Migliaccio and Jason S. Rathod of Migliaccio & Rathod LLP, Ben Travis of Ben Travis Law, APC, and Raphael Janove of Janove PLLC as Interim Co-Lead Class Counsel under Federal Rule of Civil Procedure 23(g).

The Related Actions involve the same Defendant, AINS, LLC d/b/a Opexus Inc a/k/a Casepoint ("Defendant")—and the Related Actions all arise from the same data breach (the "Data Breach") that allegedly impacted Defendant in or around February 2025.

Plaintiffs in the Related Cases conferred with Defendant regarding this Motion, and Defendant does not oppose consolidation and takes no position on the appointment of interim class counsel at this time. See Joint Declaration of Counsel ("Joint Decl."), ¶ 2. For the reasons provided below, Plaintiffs respectfully request that the Court grant the Motion, and a proposed order is submitted herewith.

I.      **Factual Background**

a.      **Defendant and the Data Breach**

Defendant is a provider of software to the federal government based in Washington, D.C. *See Reed*, Dkt. 1, ¶ 2. In or around February 2025, Defendant was impacted by the Data Breach—which allegedly impacted the personally identifiable information ("PII") of Equal Employment Opportunity Commission ("EEOC") claimants (the "Class" or "Class Members"). *See Reed*, Dkt. 1, ¶ 4. Plaintiffs Reed and Crayton are current or former EEOC claimants. In January 2026, the EEOC began providing notice of the Data Breach to Plaintiffs and Class Members. *See Reed*, Dkt. 1, ¶ 4.

b.      **Plaintiffs filed the Related Actions**

On January 23, 2026, Plaintiff Reed filed the first Action in this Court. *See generally Reed*, Dkt. 1. On February 2, 2026, Plaintiff Crayton filed the second Action. *See generally Crayton*, Dkt. 1. Both Related Actions allege similar injuries arising from the Data Breach—including, inter alia, increased risk of identity theft and fraud, lost time, emotional injuries, property damage to their PII, and invasion of privacy. *See Crayton*, Dkt. 2, Ex. 1, ¶ 94; *Reed*, Dkt. 1, ¶ 67. Both Related Actions bring similar claims—i.e., negligence, negligence per se, invasion of privacy, breach of confidence, breach of fiduciary duty, and declaratory judgment. The Reed Action includes D.C. and Georgia statutory claims. See *Reed*, Dkt. 1, ¶¶ 90-143; *Crayton*, Dkt. 2, Ex. 1, ¶¶ 107-161. Furthermore, the Related Actions all propose similar Nationwide Classes of all individuals whose information was compromised in the Data Breach. Joint Decl. ¶ 3.

**II.     Argument**

**a.     The Court should consolidate the Related Cases**

Under Rule 42(a), when "actions before the court involve a common question of law or fact, the court may . . . consolidate the actions[.]" Fed. R. Civ. P. 42(a). Local Civil Rule 40.5 further establishes that courts may consolidate "related cases" which are defined as cases that "(i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction or (iv) involve the validity or infringement of the same patent." LCvR 40.5(a)(3).

For example, in the analogous case *Togba et al. v. Chemonics International, Inc.*, the District Court for the District of Columbia consolidated two related data breach class actions. No. 1:24-cv-03510 (D.D.C.), Dkt. 5 (March 17, 2025). There, the plaintiffs asserted claims arising from a 2023 data breach that impacted defendant. *Id.*, Dkt. 4, at 1–4. Thereafter, the Court consolidated the data breach cases—explaining that consolidation would "promote judicial efficiency and orderly case management while avoiding unnecessary cost and delay." *Id.*, Dkt. 5, at 1.

Similarly, in *Small v. Vanda Pharms. Inc.*, the Court granted consolidation of two related class actions—which asserted similar claims "arising out of the same alleged [conduct] . . . on behalf of the same putative class[.]" 10 F. Supp. 3d 6, 11 (D.D.C. 2013). Based on those similarities, the court remarked that the "cases are well suited for consolidation[.]" *Id.* Like *Togba* and *Small*, consolidation (of the Related Actions) is appropriate and will promote judicial efficiency. For one, Rule 42(a) is satisfied because the Related Actions involve "common question of law or fact[.]" And Local Civil Rule 40.5 is satisfied because the Related Actions "involve common issues of fact" and "grow out of the same event[.]"

Specifically, the Related Actions involve common questions including, *inter alia*, (i) whether Defendant had a duty to use reasonable care; (ii) whether Defendant failed to implement reasonable data security; and (iii) whether Plaintiffs and Class Members suffered damages. And the Related Actions all "grow out of the same event" (i.e., the Data Breach that allegedly impacted Defendant in February of 2025). Thus, the Court should consolidate the Related Actions.

  b.  **The Court should appoint the proposed Interim Co-Lead Class Counsel**

Under Rule 23(g), "a court that certifies a class must appoint class counsel" after considering several factors. See Fed. R. Civ. P. 23(g)(1). Specifically, the court "must consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class[.]" Fed. R. Civ. P. 23(g)(1)(A).

Additionally, the court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class[.]" Fed. R. Civ. P. 23(g)(1)(B). Broadly speaking, class counsel must be "adequate." See Fed. R. Civ. P. 23(g)(4) ("Class counsel must fairly and adequately represent the interests of the class."). Prior to certification, the court may also appoint "Interim Counsel." Fed. R. Civ. P. 23(g)(3) ("The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."). On this point, "[t]he same factors governing the appointment of class counsel apply when appointing interim class counsel." *McFadden v. Nationstar Mortg. LLC*, No. 20-166, 2022 U.S. Dist. LEXIS 237320, at *4 (D.D.C. Mar. 31, 2022).

Notably, "[t]he designation of interim class counsel is especially encouraged in cases . . . where there are multiple, overlapping class actions that require extensive pretrial coordination." *Id.* (quoting *Deangelis v. Corzine*, 286 F.R.D. 220, 223 (S.D.N.Y. 2012)). After all, "interim class counsel may be helpful in . . . making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Id.* (quoting *Roe v. Arch Coal, Inc.*, No. 4:15-CV-910, 2015 U.S. Dist. LEXIS 148057, at *7 (E.D. Mo. Nov. 2, 2015)).

For example, in the analogous data breach case *Togba*, the District Court for the District of Columbia appointed Interim Co-Lead Counsel—reasoning that "appointment of interim co-lead class counsel in this proposed consolidated action will promote judicial efficiency and orderly case management while avoiding unnecessary cost and delay." No. 1:24-cv-03510, Dkt. 5, at 1. Similarly, in *Small*, the Court appointed lead counsel because the proposed firm had "substantial experience" in similar class action litigation. 10 F. Supp. 3d at 14. Like *Togba* and *Small*, the Court should appoint the proposed Interim Co-Lead Counsel. As detailed below, the Rule 23(g)(1)(A) factors support appointment. And the proposed Interim Co-Lead Counsel will "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4).

In support, the firm resumes and/or declarations of the proposed Interim Co-Lead Counsel are attached as Exhibits A, B, and C to the Joint Decl.

First, Rule 23(g)(1)(A)(i) supports appointment because proposed Interim Co-Lead Counsel already dedicated a substantial amount of time to identifying and investigating the viable claims arising from the Data Breach. Joint Decl. ¶ 5. For example, proposed Interim Co-Lead Counsel already invested time researching the Data Breach, interviewing potential class representatives, investigating the viability of the potential claims, and drafting the complaints. *Id.*

Second, Rule 23(g)(1)(A)(ii) supports appointment because proposed Interim Co-Lead Counsel are highly experienced in complex class action litigation—and have litigated the claims asserted (e.g., negligence, breach of implied contract, unjust enrichment) in hundreds of cases. *Id.* ¶¶ 6, 8.

Third, Rule 23(g)(1)(A)(iii) supports appointment because proposed Interim Co-Lead Counsel have substantial "knowledge of the applicable law." *Id.* ¶ 7. Indeed, proposed Interim Co-Lead Counsel are currently litigating dozens of data breach class actions in state and federal courts across the country. *Id.* ¶ 8. In doing so, proposed Interim Co-Lead Counsel have developed an expertise in data breach litigation. *Id.*

Fourth, Rule 23(g)(1)(A)(iv) supports appointment because proposed Interim Co-Lead Counsel have substantial "resources that counsel will commit to representing the class." *Id.* ¶¶ 9-10. Specifically, Ben Travis Law, APC, Janove PLLC, and Migliaccio & Rathod LLP are well-regarded law firms with national class action practices—and have a demonstrated history of successfully litigating complex class actions on a wholly contingent basis. *Id.* ¶ 10. In other words, proposed Interim Co-Lead Counsel have the necessary resources—both in terms of personnel and financial reserves—to litigate the Related Actions on a wholly contingent basis for the duration of the litigation. *Id.* ¶ 9. In sum, the Rule 23(g)(1)(A) factors support the appointment of proposed Interim Co-Lead Counsel. And as demonstrated by *Togba* and *Small*, appointment will "promote judicial efficiency and orderly case management while avoiding unnecessary cost and delay." Thus, the Court should appoint the proposed Interim Co-Lead Class Counsel.

**III.     Conclusion**

For the reasons described herein, Plaintiffs respectfully request that the Court consolidate the Related Actions pursuant to Rule 42(a) and appoint the proposed Interim Co-Lead Class Counsel pursuant to Rule 23(g)

Dated: February 10, 2026

Respectfully Submitted,

/s/ *Ben Travis*
**BEN TRAVIS LAW, APC**
Ben Travis, Esq.
(admitted pro hac vice)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
(619) 353-7966
ben@bentravislaw.com

**JANOVE PLLC**
Raphael Janove, Esq.
(admitted pro hac vice)
500 7th Ave., 8th Fl.
New York, NY 10018
(646) 347-3940
raphael@janove.law

*Counsel for Plaintiff Reed*

**CERTIFICATE OF SERVICE**

  I hereby certify that on February 10, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel via transmission of Notices of Electronic Filing generated by CM/ECF or via electronic mail for those parties who have yet to appear.

| | |
|---|---|
| Dated: February 10, 2026 | Respectfully submitted, |
| | */s/ Ben Travis* <br> Ben Travis |